IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIERAN JOSEPH LIEBL, INC. d/b/a ROYAL OAKS DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> EAP CONSTRUCTION, LLC, PAULO PINHEIRO, NICHOLE SLINEY REALTY TEAM, INC., and NICHOLE SLINEY, <br><br> Defendants. | § § § § § § § § § Case No. _____ § § § § § § § |

# COMPLAINT

Plaintiff Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. ("ROD") complains of EAP Construction, LLC ("EAP"), Paulo Pinheiro ("Pinheiro"), Nichole Sliney Realty Team, Inc. ("NSRT"), and Nichole Sliney ("Sliney"), and for cause would show the following:

Parties, Jurisdiction, and Venue

1. ROD is a corporation duly organized under the laws of the state of Minnesota.

2. EAP is a Massachusetts limited liability company. It may be served with process by serving its manager, Paulo Pinheiro, at 3 Coopers Run, Kingston, MA 02364, or wherever he may be found.

1

3.      Pinheiro is an individual residing in this district, and may be served with process at 3 Coopers Run, Kingston, MA 02364, or wherever he may be found.

4.      NSRT is a Massachusetts corporation.  It may be served with process by serving its registered agent, Nichole Sliney, 108 Nottingham Drive, Raynham, MA 02767, or wherever she may be found.

5.      Sliney is an individual residing in this district, and may be served with process at 108 Nottingham Drive, Raynham, MA 02767, or wherever she may be found.

6.      This is a case for architectural copyright infringement.  This Court therefore has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

7.      Venue is proper pursuant to 28 U.S.C. § 1400(a) because each Defendant may be found to reside and/or conduct business in this district.

## Factual Background

8.      ROD is a building design firm in the business of creating "architectural works" (as that term is defined in Title 17, United States Code) and licensing the use of architectural works, and technical drawings and renderings that depict such architectural works, that ROD has created.

9.      ROD is the creator and sole owner of the copyrights in an architectural work (hereinafter, the "Architectural Work") known as CL-20-020 (a/k/a "Ruth Ann"). ROD has registered its copyrights in the Architectural Work, as evidenced by Certificate of Registration No. VA 2-262-328.

10. The Architectural Work is an original work that is copyrightable subject matter under federal law. It constitutes and contains material wholly original to ROD, including the overall look and feel of the work, and the selection and arrangement of the constituent parts of the work. The Architectural Work is ROD's original creation and was not copied from the works of others, and has been fixed in a tangible medium of expression.

11. ROD is also the creator and sole owner of the copyrights in the technical drawings and renderings depicting the Architectural Work. These technical drawings and renderings are "pictorial, graphical, and sculptural works," as defined in Title 17, United States Code, and will hereinafter be referenced as the "PGS Works." ROD has registered its copyrights in the PGS Works as evidenced by Certificate of Registration No. VA 2-394-497.

12. Each of the PGS Works is an original work that is copyrightable subject matter under federal law. Each work constitutes and contains material wholly original to ROD, including the overall look and feel of the works, and the selection and arrangement of the constituent parts of the work. Each of the PGS Works is ROD's original creation and was not copied from the works of others and have been fixed in a tangible medium of expression.

13. To protect its work, ROD placed "copyright management information," as that term is used in 17 U.S.C. § 1202, on copies of the Architectural Work and the

PGS Works. This copyright management information includes a copyright notice, and the title of the work, both of which are copyright management information as defined in 17 U.S.C. § 1202(c).

14. This copyright management information was placed on both physical and electronic copies of the Architectural Works and PGS Works, including electronic copies of such works displayed on the ROD website, www.royaloaksdesign.com. The Architectural Works and PGS Works were displayed on individual webpages that included ROD's copyright management information, including ROD's copyright notices and the titles of the work.

15. EAP is, on information and belief, a homebuilding company.

16. NSRT is, on information and belief, a real estate agency.

17. Sliney is, on information and belief, a real estate broker or agent.

18. At all times material to this action, NSRT and Sliney were acting as EAP's agent in connection with the marketing of a house EAP has constructed at 74 Magnolia Way, Bridgewater, MA (hereinafter, the "Subject House").

19. It is well known in the real estate and homebuilding industries, especially since the passage of the Architectural Works Copyright Protection Act of 1990, that it is improper and illegal to reproduce, distribute, and create copies of and derivative works from architectural works and other copyrighted materials without the permission of the copyright owner.

20. As a company in the homebuilding industry, EAP has known or has had reasonable grounds to have known, that reproducing, distributing, and creating copies of and derivative works from architectural works and other copyrighted materials without the permission of the copyright owner is illegal and improper.

21. As a company in the real estate industry, NSRT has known or has had reasonable grounds to have known, that reproducing, distributing, and creating copies of and derivative works from architectural works and other copyrighted materials without the permission of the copyright owner is illegal and improper.

22. On information and belief, Pinheiro is the owner of EAP. As such, at all material times he has had a direct financial interest in all of its activities, including those complained of in this lawsuit.

23. Pinheiro is, on information and belief, the sole Manager of EAP. As such, at all material times he has had the legal power and ability to supervise and control all of its activities, including those complained of in this lawsuit.

24. On information and belief, Sliney is an owner of NSRT. As such, at all material times she has had a direct financial interest in all of its activities, including those complained of in this lawsuit.

25. Sliney is the President of NSRT. As such, at all material times she has had the legal power and ability to supervise and control all of its activities, including those complained of in this lawsuit.

26. On information and belief, sometime in 2023 Defendants obtained copies of ROD's marketing materials depicting the Architectural Work, which included at least some of the PGS Works.

27. At no time has ROD authorized any Defendant to reproduce, distribute, construct, or create derivatives of the Architectural Work or PGS Works.

28. At no time has ROD authorized any Defendant to remove or alter the copyright management information that was present on copies of the Architectural Work or PGS Works.

29. Defendants have each reproduced and distributed copies of the Architectural Works and PGS Works in the process of constructing and marketing the Subject House. For example, here is a comparison of drawings from ROD's website and from the homes.com listing of the Subject House:



| From ROD's Website | Homes.com listing for the Subject House |



These drawings are identical except for the lack of ROD's copyright notice on the copies Defendants distributed.

30. In the process of constructing and marketing the Subject House, Defendants have all reproduced and distributed copies of the Architectural Works and PGS Works that had had ROD's copyright management information altered or removed.

31. EAP and Pinheiro either created or caused the creation of construction drawings (hereinafter, the "Subject Plans") for the Subject House.

32. The Subject Plans are copies and/or derivatives of the Architectural Work and PGS Works.

33. ROD has never authorized EAP or Pinheiro to create, reproduce, distribute, or make other use of the Subject Plans.

34. In connection with the construction and marketing of the Subject House, EAP and Pinheiro reproduced and distributed copies of the Subject Plans, including to contractors, subcontractors, governmental authorities, lenders, and others.

35. EAP and Pinheiro have constructed the Subject House.

36.     The Subject House is a copy and/or derivative of the Architectural Work.

37.     NSRT's website (nicholesliney.com) also reproduced and distributed literal copies of the Architectural Work and PGS Works without ROD's copyright management information.

38.     Each time a visitor went to the portion of NSRT's website containing a copy of the Architectural Work or PGS Works lacking ROD's copyright management information, the NSRT website distributed a distinct copy of the Architectural Work or PGS Works from which ROD's copyright management information had been removed.

39.     NSRT and Sliney also distributed literal copies of the Architectural Work and PGS Works, without ROD's copyright management information, to other real estate agencies and websites, with the knowledge and intent that such other agencies would further distribute such copies.

40.     Each time a visitor went to the portion of the website of such other real estate agencies and real estate websites containing a copy of the Architectural Work or PGS Works lacking ROD's copyright management information, such websites distributed a distinct copy of the Architectural Work or PGS Works from which ROD's copyright management information had been removed.

41.     On information and belief, each Defendant also reproduced and distributed copies of the Architectural Work and PGS Works, but without ROD's copyright

management information, in other means of advertising, including brochures and, on information and belief, other printed materials, e-mails, and other electronically transmitted methods.

42. On information and belief, each time a Defendant distributed a copy of the Architectural Work or PGS Works by such other advertising means, each such distribution distributed a distinct copy to the recipient of the Architectural Work or PGS Works from which ROD's copyright management information had been removed.

43. ROD discovered the foregoing activities in March 2024, and sent EAP and NSRT a cease and desist letter on March 8, 2024. ROD sent follow-up demand letters on March 12, 2024 and March 29, 2024. Defendants have not heeded ROD's demands.

44. The acts of Defendants that are described above were committed willfully.

45. To the extent that any of the actions described above were undertaken on behalf of EAP by third parties (including but not limited to third party contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then on information and belief EAP had a financial interest in such actions and had the right to supervise and control them.

46. To the extent that any of the actions described above were undertaken on behalf of Pinheiro by third parties (including, but not limited to, third party

contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then, on information and belief, Pinheiro had a financial interest in such actions and had the right to supervise and control them.

47. To the extent that any of the actions described above were undertaken on behalf of NSRT by third parties (including but not limited to third party contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then on information and belief NSRT had a financial interest in such actions and had the right to supervise and control them.

48. To the extent that any of the actions described above were undertaken on behalf of Sliney by third parties (including, but not limited to, third party contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then on information and belief Sliney had a financial interest in such actions and had the right to supervise and control them.

49. To the extent that any of the actions described above were undertaken by third parties at the direction of EAP (including, but not limited to, third party contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then, on information and belief, EAP induced, caused, encouraged, aided, abetted, assisted, or facilitated such acts, while on notice of ROD's copyrights.

50. To the extent that any of the actions described above were undertaken by third parties at the direction of Pinheiro (including, but not limited to, third party contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then, on information and belief, Pinheiro induced, caused, encouraged, aided, abetted, assisted, or facilitated such acts, while on notice of ROD's copyrights.

51. To the extent that any of the actions described above were undertaken by third parties at the direction of NSRT (including ,but not limited to, third party contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then on information and belief NSRT induced, caused, encouraged, aided, abetted, assisted, or facilitated such acts, while on notice of ROD's copyrights.

52. To the extent that any of the actions described above were undertaken by third parties at the direction of Sliney (including, but not limited to, third party contractors, subcontractors, draftsmen, designers, engineers, graphic designers, webmasters, or marketing agents), then, on information and belief, Sliney induced, caused, encouraged, aided, abetted, assisted, or facilitated such acts, while on notice of ROD's copyrights.

## COUNT I:  COPYRIGHT INFRINGEMENT

53. ROD complains of all Defendants for infringement of copyrights in the Architectural Work and PGS Works pursuant to 17 U.S.C. § 501.  ROD incorporates by reference paragraphs 1-52 above.

54. As used herein, the Subject House, the Subject Plans, and each copy or derivative of the Architectural Work or PGS Works that was created or distributed by or on behalf of any Defendant will be referred to as an "Infringing Work."

55. Each Defendant's creation of copies of each Infringing Work infringed ROD's copyrights in the Architectural Work and the PGS Works, in that it violated ROD's exclusive right of reproduction.

56. Any creation of copies of each Infringing Work by a third party on behalf of any Defendant or at their direction or request, infringed ROD's copyrights in the Architectural Work and PGS Works, in that it violated ROD's exclusive right of reproduction.

57. Each Defendant's distribution of copies of each Infringing Work infringed ROD's copyrights in the Architectural Work and PGS Works, in that it violated ROD's exclusive right of distribution.

58. Any reproduction of copies of each Infringing Work by a third party on behalf of any Defendant or at its direction or request, infringed ROD's copyrights in the

Architectural Work and PGS Works, in that it violated ROD's exclusive right of reproduction.

59. Any distribution of copies of each Infringing Work by a third party on behalf of any Defendant or at its direction or request, infringed ROD's copyrights in the Architectural Work and PGS Works, in that it violated ROD's exclusive right of distribution.

60. EAP's and Pinheiro's construction of the Subject House infringed ROD's copyrights in the Architectural Work, in that it violated ROD's exclusive rights of reproduction and/or to create derivative works.

61. Any sale or other distribution of the Subject House has or will infringe ROD's copyrights in the Architectural Work, in that it violates ROD's exclusive right of distribution.

62. EAP's and Pinheiro's creation of the Subject Plans infringed ROD's copyrights in the Architectural Work and PGS Works, in that it violated ROD's exclusive rights of reproduction and/or to create derivative works.

63. Any creation of the Subject Plans by a third party on behalf of EAP or Pinheiro or at either of their direction or request, infringed ROD's copyrights in the Architectural Work and PGS Works, in that it violated ROD's exclusive right of reproduction and/or to create derivative works.

64. EAP's and Pinheiro's distribution of copies of the Subject Plans infringed ROD's copyrights in the Architectural Work and PGS Works, in that it violated ROD's exclusive rights of distribution and/or to create derivative works.

65. Any distribution of the Subject Plans by a third party on behalf of EAP or Pinheiro or at either of their direction or request, infringed ROD's copyrights in the Architectural Work and PGS Works, in that it violated ROD's exclusive right of distribution and/or to create derivative works.

66. EAP is a contributory infringer for any acts of infringement described above that were committed by Pinheiro, NSRT, Sliney, or any third party at EAP's request or direction.

67. Pinheiro is a contributory infringer for any acts of infringement described above that were committed by EAP, NSRT, Sliney, or any third party at Pinheiro's request or direction.

68. EAP is vicariously liable for any acts of infringement described above that were committed by NSRT or Sliney, and as such is jointly and severally liable for any judgment for copyright infringement and/or contributory infringement that is entered against NSRT or Sliney.

69. As principal, EAP is jointly and severally liable for all acts committed by its agents, NSRT and Sliney, and as such is jointly and severally liable for any judgment

for copyright infringement and/or contributory infringement that is entered against NSRT or Sliney.

70. Pinheiro is vicariously liable for EAP's acts of copyright infringement and contributory infringement, and as such is jointly and severally liable for any judgment for copyright infringement and/or contributory infringement that is entered against EAP.

71. Pinheiro is contributorily liable for acts of infringement by EAP, NSRT, and Sliney, and as such is jointly and severally liable for any judgment for copyright infringement and/or contributory infringement that is entered against EAP, NSRT, or Sliney.

72. Sliney is vicariously liable for NSRT's acts of copyright infringement and contributory infringement, and as such is jointly and severally liable for any judgment for copyright infringement and/or contributory infringement that is entered against NSRT.

73. Sliney is contributorily liable for acts of infringement by EAP, Pinheiro, and NSRT, and as such is jointly and severally liable for any judgment for copyright infringement and/or contributory infringement that is entered against EAP, Pinheiro, or NSRT.

74. Pursuant to 17 U.S.C. § 504(b), ROD is entitled to recover its actual damages from all Defendants.

75. Pursuant to 17 U.S.C. § 504(b), ROD is entitled to recover from each Defendant their profits attributable to its infringement of ROD's copyrights in the Architectural Work and PGS Works.

76. Alternatively, pursuant to 17 U.S.C. § 504(c), ROD is entitled to recover statutory damages from each Defendant for the infringement of the copyright in the Architectural Work, including enhancements for willful infringement.

77. ROD is entitled to recover pre-and post-judgment interest, reasonable attorney's fees, and costs of court from each Defendant.

78. ROD is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 prohibiting Defendants from further infringement of ROD's Architectural Works copyrights.

79. ROD is entitled to an Order pursuant to 17 U.S.C. § 503 directing the United States Marshals Service to (a) impound, during the pendency of this lawsuit, all copies of materials in any Defendant's possession that infringe ROD's copyrights in the Architectural Work; and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

## CONDITIONS PRECEDENT

80. ROD generally avers that all conditions precedent to its rights of recovery have occurred or have been performed, or have been waived or excused by Defendants.

## JURY DEMAND

81. Pursuant to Federal Rule of Civil Procedure 38, ROD demands trial by jury on all issues so triable to a jury.

## PRAYERS FOR RELIEF

**Wherefore**, Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. hereby seeks the following relief:

1. Pursuant to 17 U.S.C. § 504(b), awards of actual damages against each of the Defendants for copyright infringement.

2. Pursuant to 17 U.S.C. § 504(b), awards of infringer profits against each of the Defendants for copyright infringement, including infringer profits earned by a Defendant directly, a party for which a Defendant is vicariously liable, or a party for which a Defendant is contributorily liable.

3. Alternatively, pursuant to 17 U.S.C. § 504(c), an award of statutory damages against each of the Defendants for copyright infringement, whether committed by a Defendant directly, a party for which a Defendant is vicariously liable, or a party for which a Defendant is contributorily liable.

4. A finding of joint and several liability against Pinheiro for any award against EAP, NSRT, or Sliney based on a finding of contributory infringement and/or vicarious liability.

5. A finding of joint and several liability against EAP for any award against Pinheiro, based on a finding of contributory infringement.

6. A finding of joint and several liability against EAP for any award against NSRT or Sliney, based on a finding of contributory infringement, vicarious liability, or a principal-agent relationship.

7. A finding of joint and several liability against Sliney for any award against NSRT, EAP, or Pinheiro, based on a finding of contributory infringement and/or vicarious liability.

8. A finding of joint and several liability against NSRT for any award against EAP, Pinheiro, or Sliney, based on a finding of contributory infringement and/or vicarious liability.

9. Pursuant to 17 U.S.C. § 502, preliminary and permanent injunctions enjoining Defendants and their respective agents, employees, attorneys, representatives, and parties in privity with either of them, from any further acts directly or indirectly infringing on ROD's copyright in the Architectural Works and/or PGS Works.

10. Pursuant to 17 U.S.C. § 503, an order compelling the impoundment and destruction of all copies of ROD's Architectural Works and/or PGS Works found to have been made in violation of ROD's exclusive rights.

11. An award of reasonable attorney's fees.

12. Awards of costs of court, and pre- and post-judgment interest at the lawful rate.

13. The grant of any other legal or equitable relief that this Honorable Court deems proper.

        Respectfully submitted,

        /s/ Jeffrey S. Baker

        _____
        Jeffrey S. Baker, Esq.
        Baker and Assocs.
        Suite 100
        2 W Hill Pl
        Boston MA 02114
        617 953 6747
        BBO#544929
        Bakerlaw@aol.com

        Louis K. Bonham
        (*pro hac vice* application pending)
        Texas Bar No. 02597700
        OSHA BERGMAN WATANABE
        & BURTON LLP
        1100 Louisiana Street, Suite 4900
        Houston, Texas 77002
        713.228.8600
        *bonham@obwb.com*

        **Counsel for Plaintiff,**
        **Kieran Joseph Liebl, Inc.,**
        **d/b/a Royal Oaks Design, Inc.**