UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIERAN JOSEPH LIEBL, INC. d/b/a ROYAL
OAKS DESIGN, INC.,
                              Plaintiff

v.                                              Case No. 1:24-cv-12486-RGS

EAP CONSTRUCTION, LLC; PAULO PINHEIRO;
NICHOLE SLINEY REALTY TEAM, INC.; and
NICHOLE SLINEY,
                              Defendant

## EAP DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Ignoring the main question in this case—whether the house that defendant EAP Construction is building in Bridgewater, Massachusetts incorporates copyright-protected elements of plaintiff's "Ruth Ann" house design—plaintiff seeks partial summary judgment against the EAP defendants on a different issue—the supposed infringement of a separate copyright, for technical drawings of the Ruth Ann house—and on several other largely academic matters.

The Court need not consider plaintiff's motion at all, assuming it grants the EAP defendants' pending cross-motion for summary judgment, which seeks dismissal of this case in its entirety.[1] If the Court reaches plaintiff's motion, it should be denied for three reasons. First, ROD's claim of infringement of its drawings copyright is barred by the "limited distribution" doctrine. Second, the claim is rendered moot by the unavailability of any statutory damages or other remedy as a matter of law. And third, none of the other

---

[1] EAP Defendants' Motion, Docket Entries 41-42.

matters raised in ROD's motion offers any prospect of narrowing the issues for trial.

### Facts

The EAP defendants are filing herewith their response to ROD's statement of purportedly undisputed material facts concerning its motion for partial summary judgment. The EAP defendants also incorporate herein the statement of facts supporting their cross-motion for summary judgment, including the "background facts" (with record citations) in their summary-judgment memorandum,[2] a number of which facts are material to the matters raised by ROD.

1. **Pinheiro's limited sharing of floor-plan images with realtor Sliney and architect LaLanne in spring of 2023**

To recap briefly, in April 2023, shortly after buying the land in Bridgewater where he intended to build a house for future market sale, EAP's Paul Pinheiro texted his realtor, Nichole Sliney, three images from a website (houseplans.net) where plaintiff Royal Oaks Design ("ROD") and other designers advertised architectural plans for license and download. Sliney was at the time preparing a market analysis for EAP's lender, and she wanted to know what general type of house Pinheiro planned to build.[3] Pinheiro also showed the houseplans.net images to his architect, Serge LaLanne, during an early discussion about Pinheiro's concept for the Bridgewater house.[4]

Approximately ten months later, in January 2024, the house was still in very early stages of construction. Pinheiro and Sliney nonetheless discussed listing the house for sale.

---

[2] *See* Memorandum, Docket Entry 42, at 8-10 ("Background Facts").

[3] Memorandum, Docket 42, at 9; *and see* April 2023 texts, **EAP Exh E** (Docket 41-5), identical to **ROD Exh 2** (Docket 40-8).

[4] Memorandum, Docket 42, at 9.

Pinheiro sent Sliney copies of the detailed plans architect LaLanne had prepared—which were different, in important respects, from the Ruth Ann design. Sliney asked for further specifics about interior and exterior design features Pinheiro intended to include, and Pinheiro provided detailed responses to her questions, along with interior photographs of other houses.[5]

At some point, Sliney went back to the houseplans.net site and obtained images which she used on her agency website as part of its listing for the Bridgewater house. The listing was posted on January 9, 2024. Within a week, an offer had been made at the asking price for the house, and on January 16 Pinheiro accepted the offer. The buyers signed a purchase-and-sale agreement, which remains in effect. With construction now nearly complete, a closing is currently scheduled for next month.[6]

## 2.    ROD's registration of copyrights

**The Ruth Ann Architectural Work.** It has never been disputed that ROD registered a copyright in the Ruth Ann architectural work, effective June 24, 2021.[7] (ROD later registered a copyright in an earlier architectural work, the "Silver Bell Ranch," from which the Ruth Ann design was evidently derived.[8] But there is no evidence the EAP defendants ever saw or made any use of the Silver Bell Ranch design, so it is immaterial in this case.)

---

[5] Memorandum, Docket 42, at 9-10.

[6] Memorandum, Docket 42, at 10.

[7] *See* EAP Defendants' Response to ROD's Summary Judgment Statement of Facts, ¶ 4; Registration Record, **ROD Exh 1B** (Docket 40-3).

[8] Response to ROD Statement of Facts, *id.*; Registration Record, **ROD Exh 1D** (Docket 40-5).

**Technical Drawings.** ROD has also undisputedly registered a copyright in its "technical drawings" showing the Ruth Ann design—the drawings ROD licenses for download for a fee through websites such as houseplans.net.[9] There is no evidence in this case that the EAP defendants ever had access to, saw, or made any use of ROD's technical drawings. ROD contends that the "technical drawings" copyright extends to the floor-plan images displayed in the houseplans.net advertisement for the Ruth Ann drawings. But ROD's summary-judgment papers fail to cite any evidence to support the assertion that the floor-plan images are part of its registered copyright.[10]

Furthermore, ROD's copyright in the drawings was not registered until March 4, 2024.[11] The date is significant in two respects. First, as ROD acknowledged when it registered the drawings, registration was made more than three months after first publication of the drawings, which happened in June 2020.[12] Second, the registration was made well after commencement of the alleged infringement in this case, which happened in the spring of 2023. As explained below, this means that, as a matter of law, ROD cannot recover statutory damages or attorneys' fees for any infringement of its technical-drawings copyright.

<u>Argument</u>

I.   **ROD's claim for infringement of the drawings copyright is barred by the limited-publication doctrine**

Even assuming that ROD's technical-drawings copyright extends to the floor-plan

---

[9] Response to ROD Statement of Facts, *id.*; Registration Record, **ROD Exh 1C** (Docket 40-4).

[10] *See* Response to ROD Statement of Facts, ¶ 6.

[11] **ROD Exh 1C** (showing registration effective March 4, 2024).

[12] **ROD Exh 1C** (showing date of first publication June 11, 2020).

images that Pinheiro found on the houseplans.net website in the spring of 2023, Pinheiro's limited sharing of those images—in a text message to Sliney in April 2023, and in a meeting with his architect during the same period—were protected by the "limited publication" doctrine. Under that doctrine, "a person can communicate the contents of a [copyright-protected] work to a definitely selected group and for a limited purpose," and provided the person sharing the work does not purport to give the recipient(s) the right to further "diffusion, reproduction, distribution, or sale," the person is not liable for improper copying and distribution of the protected work.[13]

This is exactly what Pinheiro did in this case: he shared the Ruth Ann images with Sliney and LaLanne alone, for the limited purposes of illustrating preliminary ideas as to the kind of house he intended to build in Bridgewater. Thus, ROD cannot use Pinheiro's sharing of the images in the spring of 2023 as the basis for a claim of copyright infringement. For this reason, ROD's request for partial summary judgment as to infringement of the drawings copyright should be denied.

## II.    ROD cannot recover statutory damages for any infringement of its technical-drawings copyright, and cannot show any other basis for recovery, making the claim moot

Federal copyright law generally provides for three possible monetary remedies for copyright infringement: (a) recovery by the copyright owner of any actual damages suffered as a result of the infringement; (b) recovery of "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages"; and (c) as an alternative to (a) and (b), statutory damages.[14] However, under 17

---

[13] *Jalbert v. Grautski*, 554 F.Supp.2d 57, 69 (D.Mass. 2008) (Saylor, J.).

[14] 17 U.S.C. § 504.

U.S.C. § 412, with exceptions not applicable here, statutory damages are not available unless the copyright at issue was timely registered. Section 412 provides that

> "no award of statutory damages or attorney's fees... shall be made for... (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."[15]

In this case, as explained above, the alleged infringement of ROD's technical-drawings copyright commenced in April 2023, after the first publication of the work (June 2020) and before the effective date of its registration (March 2024). And the registration was not made within three months after the first publication. Therefore, as a matter of law, no statutory damages (or attorneys' fees) would be available to ROD for any infringement of the technical-drawings copyright.

Nor can ROD plausibly show any other basis for recovery based on such infringement. Again, Pinheiro and EAP never had any access to the technical drawings themselves; ROD's claim for infringement of this copyright is premised on the assertion that it encompasses the "floor plan" images used to advertise the Ruth Ann design on the houseplans.net website. As indicated, ROD points to no evidence in the record to support the assertion that the registration protects the floor-plan images. But even if it did, there is no evidence that ROD suffered any actual harm or damage from Pinheiro's sharing of the floor-plan images with realtor Sliney and architect LaLanne in the spring of 2023. Nor is there any basis for concluding that the EAP defendants earned "profits attributable to" the limited communications with Sliney or LaLanne.

To the extent ROD may seek to hold the EAP defendants indirectly liable for the

---

[15] 17 U.S.C. § 412.

Sliney defendants' use, in January 2024, of images from the houseplans.net website in NSRT's internet advertisement for the Bridgewater house, this would require ROD to establish either vicarious infringement—by showing that the EAP defendants had the right and ability to supervise the NSRT website, and benefited financially from the alleged infringement; or contributory infringement—by showing that the EAP defendants had knowledge of the Sliney defendants' infringement, and induced, caused, or materially contributed to it.[16] ROD has made no such showing here. Nor, finally, has ROD shown any circumstances warranting injunctive relief against the defendants' possible future use of the floor-plan images.

In the absence of any available judicial remedy, ROD's claim for infringement of the technical-drawings copyright is moot. For this additional reason, ROD's request for partial summary judgment as to the EAP defendants' infringement of that copyright should be denied.

## III.    The remainder of ROD's motion should be dismissed as offering no prospect of narrowing the issues for trial

ROD's motion also seeks legal rulings on various other narrow issues. ROD asks for a declaration that it "owns valid copyrights in the works" at issue in this case. As noted above, the EAP defendants have never disputed that, as reflected in the registration of the Ruth Ann architectural work obtained from the Copyright Office, ROD is deemed to own a valid copyright in that work. However, as discussed in detail in the EAP defendants' summary-judgment memorandum, this is only the tip of the analytical iceberg in this case, given the need to "dissect" ROD's copyright into protected and unprotected elements, and

---

[16] *E.g., Jalbert v. Grautski*, 554 F.Supp.2d at 67-68.

to assess whether the Bridgewater house unduly adopts the protected elements. Thus, to merely hold that ROD owns a valid copyright in the Ruth Ann design would hardly advance this case toward resolution. ROD's copyright in the technical drawings and in the "Silver Bell Ranch" design, meanwhile, are immaterial to the dispute for the reasons given above.

Likewise, the Court need not referee ROD's quarrels with the EAP defendants' affirmative defenses, because none of ROD's arguments would narrow the substantive issues raised in the case.

The principle that copyright law protects only those elements of an architectural work that are *original* is, of course, central to the EAP defendants' case and to their pending motion for summary judgment. Thus, ROD's suggestion that the Court should strike the "originality" and "protected elements" defenses gains no traction.

Innocent infringement, further, is a statutory defense against a copyright holder seeking statutory damages, as ROD does with respect to the Bridgewater house and the Ruth Ann architectural work.[17] It is also an equitable factor to be weighed by a court in considering a claim for disgorgement of supposed infringing profits.[18] Thus, ROD's argument that "there is no *mens rea* element for copyright infringement" misses the point.

As a related matter, ROD's original complaint in this case falsely alleged that it published the Ruth Ann floor-plan images bearing a statutory copyright notice, and that the

---

[17] 17 U.S.C. § 504(c)(2); *see, e.g., McDermott v. Kalita Mukul Creative Inc.*, 757 F.Supp.3d 301 (E.D.N.Y. 2024).

[18] *See, e.g., Fair Isaac Corp. v. Federal Insurance Co.*, 468 F.Supp.3d 1110 (D.Minn. 2020) (discussing disgorgement as equitable remedy).

defendants somehow manipulated the images to delete the notice.[19] ROD was later forced to withdraw these allegations in an amended complaint, and concedes that it published the floor-plan images on the houseplans.net site (where Pinheiro saw them) *without* any affixed statutory notice.[20] This conduct is undoubtedly a proper subject of the EAP defendants' case.

Finally, it is also highly material that ROD has suffered no actual injury or damages at all from Pinheiro's limited use of the floor-plan images, and no conceivable actual harm from construction of the Bridgewater house—beyond, arguably, the loss of the $2,000 license fee, in return for which the EAP defendants would have been free to build an exact copy of the Ruth Ann house without interference. Here again, ROD's argument that "damages suffered" are not an "element" of a copyright case both misapprehends the nature of an affirmative defense (i.e., one lying outside the elements of the plaintiff's case-in-chief) and begs the question, discussed above, whether ROD can show an entitlement to any remedy at all.

## Conclusion

The Court should grant the EAP defendant's motion for summary judgment, and need not reach ROD's cross-motion for partial summary judgment. In the alternative, ROD's claim that the EAP defendants infringed its copyright on the technical drawings of the Ruth Ann house is barred by the "limited distribution" doctrine, and rendered moot by the absence of any available remedy for the claim. None of the other arguments made in ROD's motion for partial summary judgment suggest any prospect of resolving the issues

---

[19] *See* Complaint (Docket Entry 1), ¶¶ 13-14, 29-30.

[20] *See* Amended Complaint (Docket Entry 20).

for trial in this case. For these reasons, ROD's motion should be DENIED.


October 2, 2025

EAP CONSTRUCTION, LLC
PAULO PINHEIRO
By Their Attorneys
LITCHFIELD CAVO LLP


*/s/ William L. Boesch*
William L. Boesch, BBO No. 558742
Jessica C. Studstill, BBO No. 684924
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
781-309-1500
boesch@litchfieldcavo.com
studstill@litchfieldcavo.com

## Certificate of Service

I hereby certify that on the above date I filed this document via the Court's ECF system, and am relying on the system to make service on all parties. All counsel are registered ECF users.

*/s/ William L. Boesch*